The Honorable Timothy W. Dore
Chapter 13
Hearing Date: July 17, 2013
Hearing Time: 9:30 AM

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

Tova E. Cubert,

          Debtor(s).

Case No. 12-21877-TWD

Chapter: 13

**REPLY TO THE USA'S OBJECTION ON BEHALF OF THE IRS TO CONFIRMATION OF DEBTORS' AMENDED PLAN FILED May 31, 2013**

COMES NOW Tova E. Cubert ("Debtor"), by and through her attorney Christina Henry of Henry, DeGraaff & McCormick, P.S., and responds to the United States of America's Objection on behalf of the Internal Revenue Service's ("IRS") objection to the Debtor's Amended Chapter 13 Plan filed on May 31, 2013.

Since filing the Debtor has also reorganized her self-employment business, which has been steady since her bankruptcy filing now that the economy has picked up. She has made all seven of the Chapter 13 Plan payments and she has made estimated installment payments to the IRS for 2013 income taxes she may owe on her self-employment income. However, she cannot sustain a Chapter 13 Plan that allows her to keep her house and pay the IRS in monthly payments on their fully secured claim against her residence.

The Debtor acknowledges that the Court can only confirm a Plan that meets the requirements under 11 USC 1325 and that the Plan must pay the IRS's secured claim in full with interest. At this time, the Debtor asserts that there is a significant equity cushion for the IRS'

REPLY TO IRS - 1

HENRY, DEGRAAFF & MCCORMICK. P.S.
1833 N 105TH ST, STE 200
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

Case 12-21877-TWD    Doc 42    Filed 07/12/13    Ent. 07/12/13 16:56:44    Pg. 1 of 2

claim under the plan, even with a provision that the debtor not make monthly payments to the IRS until the end of the Plan

At the time of this bankruptcy filing, the Debtor estimated the value of her house at $360,000.00 in Schedule A. The debt against her home includes a first mortgage claim by GMAC Mortgage, LLC for $176,100.73 and a second mortgage with JP Morgan Chase Bank for $78,987.90, leaving approximately $104,911.40 in equity in the property at the time of filing. Since the Debtor's plan is primarily paying current mortgage payments and arrears, IRS' equity cushion on the property, will steadily increase over the life of the plan, presenting little risk to the IRS. Additionally, the Debtor intends to avoid a number of judgment liens that impair her homestead exemption shortly after obtaining plan confirmation, eliminating any obstacles to the IRS' secured position in the property, which would not be possible outside of bankruptcy. This is the debtor's home and she is in this Chapter 13 Plan to keep it. However, as a self-employed person any further increase in plan payments at this stage would hinder her chances of success to the detriment of all creditors.

WHEREFORE, the Debtor respectfully requests that the Court over rule the IRS' objection and confirm the Debtor's Amended Chapter 13 Plan. In the alternative, the Debtors request that the court set an evidentiary hearing to value of the Debtor's residence.

Dated: July 12, 2013

                              HENRY, DEGRAAFF & McCORMICK, P.S.

                              By:    */s/ Christina L. Henry*
                              Christina Latta Henry, WSBA#31273
                              Attorneys for Debtor

REPLY TO IRS - 2

**HENRY, DEGRAAFF & MCCORMICK. P.S.**
1833 N 105TH ST, STE 200
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

Case 12-21877-TWD    Doc 42    Filed 07/12/13    Ent. 07/12/13 16:56:44    Pg. 2 of 2